THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE LUIS RIVERA-CRUZ,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **Civil No. 19-2084 (ADC)**<br>**[Related to Crim. No. 15-705 (ADC)]** |

**OPINION AND ORDER**

Pending before the Court is petitioner José Luis Rivera-Cruz's ("petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **ECF No. 1**. The United States of America ("government") opposed. **ECF No. 7**. For the ensuing reasons, the Court **DENIES** petitioner's motion.

I.  **Procedural History**

On January 4, 2012, a Grand Jury returned a one-count indictment charging petitioner with "possession of a firearm by a prohibited person (18 U.S.C. § 922(g)(1))" and "Firearms and Ammunition Forfeiture Allegation (18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c))." **Crim. No. 15-705, ECF No. 14**. On April 11, 2016, petitioner entered into a Plea and Forfeiture Agreement with the government wherein he pled guilty to the indictment; that is, to the knowing possession of firearm while having been previously convicted of a crime punishable by imprisonment for a term exceeding one year. **Crim. No. 15-705, ECF Nos. 36, 37** and **38.** In a nutshell, petitioner

stipulated and admitted that he knowingly a possessed a Colt .38 caliber revolver loaded with 6 rounds of .38 caliber ammunition, which had its serial number obliterated. **Crim. No. 15-705, ECF No. 36** at 10-12. On that same date, the Court held a hearing pursuant to Fed. R. Crim P. 11 ("change of plea hearing") for which a transcript was prepared. **Crim. No. 15-705, ECF No. 56**. There, petitioner explicitly admitted that at the time he possessed the weapon, he had prior state court felony convictions. **Crim. No. 15-705, ECF No. 56** at 5-6, 26-27.

During the change of plea hearing, petitioner's attorney stated that these prior convictions ranged from 1986 to 2013 and included not only misdemeanors but, attempted robbery, attempted burglary, and a conviction related to controlled substances. **Crim. No. 15-705, ECF No. 55** at 26-27. These prior convictions, along with the sentences imposed, were listed and detailed in the Amended Pre-Sentence Report ("PSR"). **Crim. No. 15-705, ECF No. 41**. According to the PSR, petitioner had four prior convictions for which he was sentenced by a term of imprisonment exceeding one year. *Id.*

On October 25, 2016, petitioner was sentenced to 120 months of imprisonment and a three (3) year supervised release term. **Crim. No. 15-705, ECF Nos. 50** and **51**. Petitioner then appealed his sentence, alleging that his Plea and Forfeiture Agreement lacked sufficient consideration. **Crim. No. 15-705, ECF No. 52.** The First Circuit Court of Appeals nonetheless affirmed petitioners' sentence on December 22, 2017. *United States v. Rivera-Cruz*, 878 F.3d 404 (1st Cir. 2017). On November 11, 2019, petitioner filed the present motion under 28 U.S.C. § 2255 seeking relief from his conviction based on the retroactive application of a new rule applicable to

prosecutions under 18 U.S.C. § 922(g), as announced by the Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). **ECF No. 1**.

## II.     Discussion

Petitioner moves to vacate his felon-in-possession conviction under 18 U.S.C. § 922(g)(1), relying principally on the Supreme Court's holding in *Rehaif*. In *Rehaif*, the Supreme Court held that when prosecuting a defendant under 18 U.S.C. § 922(g), the government must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Id.* at 2200. Petitioner contends that at the time when he was "convicted and sentenced to the predicate offenses, he was never fully informed" that he would henceforth be barred by 18 U.S.C. § 922(g)(1) from knowingly possessing a firearm. **ECF No. 1** at 3. He further contends that because he did not know he could not possess a firearm due to his prior convictions, he is "factually innocent of the charge of being a Felon in Possession of a Firearm." *Id.*, at 4. Therefore, petitioner requests that the Court "grant any relief this Court may find favorable to the [p]etitioner, including vacating his conviction and ordering his immediate release from custody." *Id.*

The government opposed petitioner's request contending that *Rehaif* is inapposite, largely because petitioner is making a mistaken analysis of the law as *Rehaif* affords no relief. **ECF No. 8** at 3-4. The government also contends that petitioner's claim is procedurally defaulted, as he failed to raise this argument on direct appeal. *Id.*, at 4. Finally, the government posits that

petitioner is not entitled to appointment of counsel or an evidentiary hearing on this matter. *Id.*, at 5-6.

### A. Timeliness

Under 28 U.S.C. § 2255, "[a] 1-year period of limitation shall apply to a motion under this section...." *See,* 28 U.S.C. § 2255(f). Where a petitioner is asserting that a right was made retroactive to cases on collateral review, the statute of limitations runs from the latest of "...the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...." *See,* 28 U.S.C. § 2255(f)(3).

Petitioner filed his motion to vacate on November 18, 2019. **ECF No. 1**. *Rehaif* was issued on June 21, 2019. The First Circuit has yet to decide whether the rule announced in *Rehaif* is applicable retroactively to cases on collateral review. However, at least the Fifth and Eleventh Circuit Courts of Appeal have held that the rule applies retroactively to initial § 2255 petitions. *See, United States v. Kelley*, 40 F.4th 250 (5th Cir. 2022); *Seabrooks v. United States*, 32 F.4th 1375 (11th Cir. 2022).[1] If so, petitioner here would be entitled to raise the rule in *Rehaif* as grounds for

---

[1] As opposed to second or successive § 2255 petitions. The difference is that the retroactive application of a statutory rule, as the Fifth and Eleventh Circuits have held *Rehaif* to be, is not effective on second or successive § 2255 petitions, whereas a constitutional rule would be. *See, United States v. Kelley*, 40 F.4th at 252 ("The provision governing successive petitions specifically requires 'a new rule of *constitutional* law' that has been made retroactive. 28 U.S.C. § 2255(h)(2). By contrast, the provision governing initial petitions requires only a '*right* [that] has been newly recognized by the Supreme Court' and made retroactive. 28 U.S.C. § 2255(f)(3).")(emphasis and modifications in original).

relief; and given that he filed his petition a mere five months after the issuance of *Rehaif*, his motion would be timely. 28 U.S.C. § 2255(f)(3).[2]

### B. The Scienter-of-Status Requirement of 28 U.S.C. § 922(g) after *Rehaif*

In *Rehaif*, the Supreme Court held that, under 28 U.S.C. § 922(g), the government must prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 139 S. Ct. at 2200. As to the latter element, the First Circuit has referred to it as the "scienter-of-status element." *See*, *United States v. Farmer*, 988 F.3d 55, 60 (1st Cir. 2021).

Before *Rehaif*, "the law in this circuit did not [] impose this scienter-of-status element for convictions under § 922(g)." *United States v. Burghardt*, 939 F.3d 397, 402 n.3 (1st Cir. 2019). "After *Rehaif*, the government in a felon-in-possession case must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." *Greer v. United States*, 141 S. Ct. 2090, 2093 (2021).

Importantly, the scienter-of-status element refers (as the term suggests) to the defendant's knowledge of his or her status as a person meeting one of the categories listed in § 922(g)(1) through (9), not to a defendant's knowledge that he or she was violating the law. *See*, *United*

---

[2] The government does not offer any argument in opposition to the retroactive application of *Rehaif*. Therefore, for purposes of its present analysis, the Court will assume that *Rehaif* applies to petitioner's § 2255 motion and that it was timely filed. *See, Paoli-Torres v. United States*, No. 19-1892, 2022 WL 2077950 (D.P.R. June 6, 2022) (finding that a motion seeking relief under *Rehaif* filed three months after the publication of the Supreme Court's opinion was timely under § 2255).

States v. Austin, 991 F.3d 51, 59 (1st Cir. 2021) ("Austin suggests that *Rehaif* would have obligated the government to prove his 'subjective knowledge that he [was] violating the law.' This is not the case. Rather, *Rehaif* imposes a **scienter of status** requirement: it would require the government to prove [defendant] knew he was a felon.") (alterations and emphasis in original).

Here, petitioner's collateral attack on his sentence is premised on his alleged ignorance of § 922(g)(1)'s prohibition on possessing a firearm made applicable to him as a convicted felon. Even though petitioner reads *Rehaif* to include "a required element that the charged person ha[s] been fully knowledgeable of his status" as a prohibited person, he then contends that "when he was convicted and sentenced to the predicate offenses, he was never fully informed, in terms easy enough for a man with development and educational challenges to understand[,] that he would forever be considered" a prohibited person. **ECF No. 1** at 2-3. Simply put, petitioner argues that he did not know that he could not possess a firearm given his status as a convicted felon.

In response, the government avers that the scienter-of-status requirement "does not demand proof that the defendant specifically knew that he was legally prohibited from possessing a firearm." **ECF No. 8** at 3. The government contends that petitioner "does not dispute his knowledge of his status as a felon. Instead, he focuses on a prototypical mistake-of-law or ignorance-of-law argument—that at the time of his conviction for those offenses, he was not made aware 'that he would forever be considered a prohibited person.'" *Id*., at 4 (*citing* **ECF No. 1** at 3).

The Court agrees with the government. Evidently, petitioner has put forth an argument based on his ignorance of § 922(g)—the law barring the possession of firearms by persons "convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). But *Rehaif* is clear in that the scienter-of-status requirement refers to the person's status (*i.e.*, having been convicted of a crime punishable by a term exceeding one year) and not to the unlawful nature of the proscribed conduct (*i.e.*, possessing a firearm while having been thus convicted).[3] *Rehaif* does not offer petitioner any relief, and his argument falls in the same pitfall already covered by the First Circuit in *Austin*, 991 F.3d at 59, cited above.[4]

*Rehaif* itself provides a sufficiently illustrative example. The defendant there was prosecuted for possessing firearms as "an alien unlawfully in the United States." *Rehaif*, 139 S.Ct. at 2194.[5] The Supreme Court, distinguishing cases where a "mistake of law" defense would be valid and one where it would not, succinctly explained that "[a] defendant who does not know

---

[3] Petitioner dedicates a significant portion of his motion to describing his history of drug abuse and low educational attainment, but without actually asserting a legal argument beyond the "ignorance of the law" argument discussed above. **ECF No. 1**, at 2, 4. However construed, these matters do not affect the Court's analysis under *Rehaif* given petitioner's corroborated knowledge of his status as a felon, which is enough to defeat his claim. Moreover, petitioner was able to appeal his sentence (which the First Circuit affirmed) but failed to raise any argument based on these matters. But most importantly here, his failure to properly develop this argument in his motion is enough to bar it from consideration. *See*, *U.S. v. Pérez-Velázquez*, 488 F. Supp 2d 82 at 87 (D.P.R. 2007) ("Undeveloped arguments not supported by legal authorities are deemed waived and/or abandoned") (*citing U.S. v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)); *see also*, *Santana-Rios v. United States*, No. 17-1199, 2019 WL 13202902, at *1 (1st Cir. Apr. 1, 2019) (applying *Zannino*'s waiver rule to *pro se* appellant in appeal of denial of 18 U.S.C. § 2255 motion).

[4] This Court not long ago also rejected a substantially similar argument under *Rehaif*. *See*, *Martínez-Armestica v. United States*, 468 F.Supp.3d 470, 480 (D.P.R. 2020).

[5] One of the nine categories proscribed by § 922(g). *See*, 18 U.S.C. § 922(g)(5).

that he is an alien 'illegally or unlawfully in the United States' does not have the guilty state of mind that the statute's language and purposes require." *Id.*, at 2198.

Changing just a handful of words in the above-quoted passage is enough to dispense with petitioner's argument: a defendant who does not know that he is a person who **has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year** does not have the guilty state of mind required under § 922(g).

Therefore, whether or not petitioner was cognizant of the legal consequences of his prior convictions under § 922(g) is irrelevant under *Rehaif*. What matters is that petitioner knew, at the time he possessed a firearm, that he had previously been convicted of a felony and imprisoned for more than a year. As discussed, the record here shows that petitioner did: at the time he plead guilty, petitioner acknowledged that he had been previously convicted (**Crim. No. 15-705, ECF No. 56** at 5-6, 26-27); the PSR includes a list of at least four prior convictions for which petitioner was sentenced for a term of more than one year (**Crim. No. 15-705, ECF No. 41**); and petitioner's counsel admitted to his prior convictions during petitioner's change of plea hearing (**Crim. No. 15-705, ECF No. 55** at 26-27). In conclusion, petitioner's argument misses the mark and *Rehaif* offers him no substantive grounds for relief.

### C. Procedural Default

In its response to petitioner's motion, the government further argues that petitioner's claim for relief under *Rehaif* is procedurally defaulted because he failed to raise it on direct appeal. **ECF No. 8**, at 4. A review of petitioner's appeal confirms that he did not raise a scienter-

of-status argument. *See*, Brief of Defendant-Appellant, *Rivera-Cruz v. United States*, No. 16-2398 (1st Cir. May 15, 2017)**.** When a defendant fails to raise a claim directly on appeal, such claim "may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. U.S.*, 523 U.S. 614, 622 (1998) (cleaned up); *see also*, *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Notwithstanding the facial inapplicability of *Rehaif* to petitioner's claim, the Court will, for completeness' sake, analyze whether petitioner's motion overcomes his procedural default, beginning with whether he has shown "actual prejudice."

In the context of a guilty plea, to establish prejudice, a petitioner must show "a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S.Ct. 1958, 1964 (2017) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In *Greer v. United States*, the Supreme Court confirmed that petitioner has the burden to show "that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *United States v. Norris*, 21 F.4th 188, 200 (1st Cir. 2021) (*citing Greer*, 141 S. Ct. at 2097). The Supreme Court held that "demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: convicted felons typically know they're convicted felons." *Greer*, 141 S. Ct. at 2098.

As mentioned previously, petitioner admitted at the change of plea hearing that at the time he illegally possessed the weapon he knew that he had been previously convicted for a felony offense. **Crim. No. 15-705, ECF No. 56** at 5-6, 26-27. The PSR also included a list of at least

four prior convictions for which petitioner was sentenced for a term of more than one year. **Crim. No. 15-705, ECF No. 41**.[6] Moreover, petitioner's counsel admitted to his prior convictions during the change of plea hearing. **Crim. No. 15-705, ECF No. 55**, at 26-27. Evidently, the record demonstrates that petitioner knew he was a felon. *See, United States v. Santiago Miranda*, 654 F.3d 130, 138 (1st Cir. 2011) (holding that Court "was justified in relying on the change-of-plea colloquy and signed plea agreement" when purportedly contradicted with unspecific and uncorroborated allegations); *United States v. Torres-Rosario*, 447 F.3d 61, 67 (1st Cir. 2006) (holding that Court is "entitled to give weight to [the defendant's] assurances at his change of plea [colloquy]" absent a "good reason for disregarding them").

Based on the record, there is no reason to think that the government would have had much difficulty in offering overwhelming proof that petitioner knew that he had been convicted of offenses punishable by more than one year in prison. *See*, *Martínez-Armestica v. United States*, 468 F. Supp. 3d 470, 479-80 (D.P.R. 2020) (*citing Burghardt*, 939 F.3d at 404)). Petitioner has not established a reasonable likelihood that he would have proceeded to trial instead of pleading guilty had he been aware of the scienter-of-status element during the plea phase because of his multiple felony convictions and lack of explanation as to how he could have been unaware of his status as a felon. *See*, *Shine v. United States*, 2021 WL 503715, at *3 (D. Me. Feb. 10, 2021). Consequently, the Court finds that petitioner cannot establish actual prejudice.

---

[6] The contents of the PSR were discussed with and known to defendant prior to sentencing. *See*, Sentencing Hearing Transcript, **Crim No. 15-705, ECF No. 57** at 2, 5.

By itself, this forecloses the need to address the issue of "cause" under the procedural default analysis. *See*, *United States v. Rodríguez*, 523 F. Supp. 3d 142, 146 (D. Mass. 2021) (addressing solely the actual prejudice element for excusing procedural default of *Rehaif* claim); *Riley*, 411 F. Supp. 3d at 184 (same). In any case, because petitioner did not attempt in his motion to address the question of whether "cause" existed to excuse his procedural default, the argument is waived. *See*, *Paoli-Torres v. United States*, No. 19-1892 (ADC), 2022 WL 2077950 at *2 n.1 (*citing Young v. Wells Fargo Bank*, N.A., 717 F.3d 224, 239-40 (1st Cir. 2013). But even if the Court were to construe petitioner's motion as alleging sufficient "cause," he still needed to establish "actual prejudice" in order for his claim to surpass the procedural default bar, which he did not accomplish.[7]

The Court therefore finds that petitioner did not establish sufficient "cause and actual prejudice" to excuse his procedural default regarding his scienter-of-status claim.

Petitioner's other avenue for relief is to prove actual innocence. From the outset, the Court agrees with the government that petitioner cannot establish actual innocence because he voluntarily plead guilty. "A valid guilty plea relinquishes any claim that would contradict the admissions necessarily made upon entry of a voluntary plea of guilty." *Class v. United States*, 138 S.Ct. 798, 805 (2018) (*quoting U.S. v. Broce*, 488 U.S. 563, 573-74 (1989)).

---

[7] Even though petitioner did not address the issue of "cause" in his motion, the government argued in its response that futility is not sufficient "cause" under this standard. **ECF No. 8**, at 4 (*citing Bousley*, 523 U.S. at 623). Because petitioner waived any argument on "cause" and because the Court finds no actual prejudice to petitioner from the claimed error, the Court need not address the government's argument.

But, regardless of whether he plead guilty or not, a more fundamental reason exists to deny petitioner's *Rehaif* claim. As discussed above, petitioner's claim boils down to the fact that he did not know that, as a person convicted of a crime with a term of imprisonment exceeding one year, he could not possess a firearm. But the record is clear that petitioner had the requisite scienter-of-status requirement. Petitioner has not adduced to any evidence, whether new or on the record, that would establish that he was not a convicted felon.

In conclusion, the Court finds that petitioner has failed to establish any of the factors that would allow him to overcome the procedural default of his scienter-of-status claim.

### D. Request for Appointment of Counsel and Evidentiary Hearing

"A district court may dismiss a [§] 2255 petition without holding an evidentiary hearing if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations [] consist of no more than conclusory prognostication and perfervid rhetoric." *Moreno-Espada v. United States*, 666 F.3d 60, 66 (1st Cir. 2012) (citations omitted).

Pursuant to the preceding analysis on petitioner's claim, the Court will not appoint counsel or hold an evidentiary hearing. Petitioner's claim is not colorable under *Rehaif*, it does not present a factual or legally complex matter, the underlying facts are well-developed on the record, and petitioner has not demonstrated a need to investigate them further nor a showing that he is severely hampered from doing so. *See*, *Acosta-Andujar v. U.S.*, 74 F.Supp.3d 496, 499 (2015) (*citing United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993). The Court is also not persuaded that an evidentiary hearing is warranted. The underlying gravamen of petitioner's

claim—that he did not know that being a felon convicted of a crime with a term of imprisonment exceeding one year made his possession of a firearm unlawful—is legally meritless under *Rehaif*. Petitioner thus failed to carry his burden of establishing a need for an evidentiary hearing. *See*, *U.S. v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993).

### E. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court **DENIES** the COA because no such showing was made.

## III. Conclusion

The Court has striven to give a liberal construction to petitioner's motion. *See, Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martínez-Armestica v. United States*, 468 F.Supp.3d at 474 n. 3. After considering the government's response and the record underlying petitioner's sentence, the Court **DENIES** petitioner's § 2255 motion and dismisses the case. **ECF No. 1**. The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March, 2023.

S/AIDA M. DELGADO-COLÓN
**United States District Judge**